**Todd Friedman, CA Bar No. 216752**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Drive, #725**
**Beverly Hills, CA 90212**
**(877) 206-4741**
**tfriedman@attorneysforconsumers.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

**ARI BLANK,**

               **Plaintiff,**

    **v.**                                               **No. 2:16-cv-03262**

**CREDITORS SPECIALTY SERVICE, INC.,**
**& CHARLES STANLEY,**

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      ARI BLANK, (hereinafter, "Plaintiff") is an individual who currently resides in the City of Las Vegas, County of Clark, State of Las Vegas.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Elly Nesis Company, Inc., (hereinafter, "the Debt").

6.      The Debt was allegedly incurred relative to a residential lease on Plaintiff's then primary residence; hence, the Debt was incurred for the personal use of Plaintiff and/or for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      CREDITORS SPECIALTY SERVICE, INC., (hereinafter, "CSSI") is a business entity engaged in the collection of debt.  CSSI's principal place of business is located in the State of California; CSSI is incorporated in the State of California.

9.      The principal purpose of CSSI's business is the collection of debts allegedly owed to third parties.

10.     CSSI regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, CSSI sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, CSSI acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, CSSI acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14.     Defendant, CHARLES STANLEY, (hereinafter "Stanley") is an individual who, upon information and belief, was at all relevant times residing in the State of California.

15.     Upon information and belief, at all relevant times, Stanley was acting as an Owner, Officer, Director, Manager and/or agent of CSSI.

16.     Upon information and belief, at all relevant times, Stanley was vested with the responsibility to manage CSSI.

17.     Upon information and belief, at all relevant times, Stanley was responsible for the management and/or affairs of CSSI.

18.     Upon information and belief, at all relevant times, Stanley was responsible for the day to day operations of CSSI.

19.     Upon information and belief, at all relevant times, Stanley was responsible for the supervision of CSSI's employees, agents and/or representatives that were attempting to collect debts.

20.     Upon information and belief, at all relevant times, Stanley was responsible for the management of CSSI's employees, agents and/or representatives that were attempting to collect debts.

21.     As such, at all relevant times, Stanley acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

## COUNT I: ARI BLANK v. CREDITORS SPECIALTY SERVICE, INC.

22.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

23.     On or about February 23, 2016, CSSI sent Plaintiff a correspondence dated February 23, 2016 in an attempt to collect the Debt.

24.     The aforesaid correspondence was CSSI's initial communication with Plaintiff.

25.   In the aforesaid correspondence, CSSI apprised Plaintiff that it had been assigned to collect the Debt, allegedly owed by Plaintiff to Elly Nesis Company, Inc., from Plaintiff.

26.   In the aforesaid correspondence, CSSI noted that Plaintiff had the right to dispute the validity of the Debt and to request validation of the Debt from CSSI.

27.   On March 7, 2016, Plaintiff sent CSSI correspondence, which put CSSI on notice that Plaintiff had received no prior notice of the Debt and questioning the veracity of the reporting of the Debt to one or more credit reporting agency, as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA).  15 U.S.C. §1681 *et seq.*

28.   In his March 7, 2016 correspondence, Plaintiff apprised CSSI that he had vacated the property that was the subject of the debt on which CSSI was attempting to collect, in December 2011; hence, any putative debt owed by Plaintiff necessarily dated back to December 2011, which would constitute the date of initial delinquency on the putative debt.

29.   On March 8, 2016, CSSI responded to Plaintiff's March 7, 2016 correspondence with a two (2) page facsimile comprising a one (1) page cover sheet, with no information regarding the Debt other then a reference and an account number, and a second page entitled "Security Deposit Refund Form" dated December 20, 2011.  No additional information was provided by CSSI in response to Plaintiff's dispute dated March 7, 2016.

30.   The Security Deposit Refund Form confirmed that the property at issue was vacated by Plaintiff on December 14, 2011; no payments were made by Plaintiff after vacating the property.

31.   Upon information and belief, the Debt was assigned to CSSI for collection in February 2016.

Complaint-4

32.    In February 2016, CSSI reported the Debt to one or more credit reporting agency.

33.    When CSSI reported the Debt to the credit reporting agencies, Defendant reported the date of first delinquency as being February 2016.

34.    The date of first delinquency on the Debt was December 2011.

35.    Upon information and belief, Defendant merely reported the date that the Debt was assigned to it for collection as the date of first delinquency.

36.    Pursuant to 15 U.S.C. §1681s-2(a)(5)(A), as a furnisher of information to the credit reporting agencies, CSSI is under a legal obligation to notify said credit reporting agencies of the date of delinquency on the account, which "shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action." *Id.*

37.    The obligation of a data furnisher to report the date of delinquency on an account serves to ensure that delinquent accounts do not remain on a consumer's credit report for an indefinite period of time.

38.    Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

39.    Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

      i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;

      ii. The underwriting of life insurance involving, or which reasonably be expected to involve, a face amount of $150,000 or more; or

       iii.  The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

40.    The debt on which CSSI was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

41.    The debt on which CSSI was attempting to collect from Plaintiff was not relative to a life insurance policy.

42.    The debt on which CSSI was attempting to collect from Plaintiff was not relative to employment.

43.    The debt on which CSSI was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

44.    The Debt can only be reported by the credit reporting agencies for a maximum period of seven (7) years.

45.    When CSSI reported the Debt to the credit reporting agencies, it re-aged the account by falsely representing in its reporting to the credit reporting agencies that the date of delinquency was February 2016 rather than December 2011.

46.    The result of CSSI's re-aging of the Debt is that the Debt will remain on Plaintiff's credit report for seven (7) years from the date the Debt was assigned to CSSI for collection rather than seven (7) years from the date of delinquency.

47.    Given that the date of first delinquency on the Debt was December 2011, the Debt, and the account pertaining to the Debt, would "age off" Plaintiff's credit report in December 2018.

48.    As reported by CSSI, the account pertaining to the Debt will remain on Plaintiff' credit report until February 2023.

49.   As a result of CSSI's false reporting of the date of delinquency, the account will remain on Plaintiff's credit report as a derogatory account for an additional five (5) years, thus impacting Plaintiff's credit score and creditworthiness.

50.   By falsely representing the date of delinquency, CSSI misrepresented the Debt.

51.   Defendant reported false information to the credit reporting agencies, which has the effect of considerably extending the time that the Debt can be reported to the credit reporting agencies.

52.   CSSI routinely engages in the pattern and practice of falsely representing the date of delinquency of the debts that it has been assigned for collection.

53.   CSSI routinely engages in the pattern and practice of falsely representing the date of delinquency of the debts that it has been assigned for collection so that it may increase the time that the debts appear on consumers' credit reports and exacerbate the damage caused by the reporting of the accounts, thereby increasing the likelihood that consumers will feel compelled to pay the accounts, irrespective of whether the accounts are actually owed.

54.   CSSI's conduct of falsely reporting the date of delinquency is conduct that is both unfair and unconscionable.

55.   In its attempts to collect the debt allegedly owed by Plaintiff to Elly Nesis, CSSI violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a.   Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b.   Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

56. As a result of CSSI's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ARI BLANK, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against CREDITORS SPECIALTY SERVICE, INC., as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs; and,

d. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II:**
## **ARI BLANK v. CHARLES STANLEY**

57. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

58. Stanley is the owner of CSSI.

59. Stanley is the president of CSSI.

60.    Stanley is responsible for implementing the policies and procedures or CSSI.

61.    Stanley was the individual responsible for negotiating the contract that CSSI has with one or more credit reporting agency.

62.    Stanley is aware of the requirements of the FCRA that he and CSSI report the date of delinquency accurately.

63.    Stanley and CSSI have previously had other lawsuits filed against them, which put Stanley on notice that CSSI routinely reports inaccurate information to the credit reporting agencies.

64.    CSSI has had a judgment entered against it for the false reporting of information regarding dates of delinquency to the credit reporting agencies.

65.    Stanley is intimately familiar with the judgment entered against CSSI for erroneous reporting of information to the credit reporting agencies.

66.    Despite being charged with responsibility for enacting and regulating the policies and procedures for CSSI, Stanley has elected to do otherwise and has made no effort to correct the manner with which CSSI routinely falsely reports dates of delinquencies on consumer debts to the credit reporting agencies.

67.    In his attempts to collect the debt allegedly owed by Plaintiff to Elly Nesis, Stanley violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false,

including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

68.   a result of Stanley's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ARI BLANK, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant, CHARLES STANLEY, as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs; and,

    d.    Any other relief deemed appropriate by this Honorable Court.

## V.   <u>JURY DEMAND</u>

69.   Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,


**By:**   /s Todd Freidman          

        **Todd Friedman**

        **Attorney for Plaintiff,**

        **ARI BLANK**

1   **Todd Friedman, CA Bar No. 216752**

2   **Law Offices of Todd M. Friedman, P.C.**

3   **324 S. Beverly Drive, #725**

4   **Beverly Hills, CA 90212**

5   **(877) 206-4741 (x610)**

6   **tfriedman@attorneysforconsumers.com**